# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO: N.S.T. AND S.A.G.,
MINORS.

No. 70230

ERICKA L.B.,
Appellant,
vs.
CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES; AND N.S.T. AND
S.A.G., MINORS,
Respondents.



JUN 15 2017



## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating appellant's parental rights as to two minor children. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the children's best interests. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include parental unfitness, failure of parental adjustment, a risk of serious physical or emotional injury to the children if the children are returned to the parent, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Appellant argues that substantial evidence does not support the district court's findings of parental fault or that termination is in the children's best interests. Specifically, she contends that the district court was collaterally estopped from considering her case plan compliance because another court had concluded that she had substantially complied with her case plan in its order dismissing a previous petition to terminate her parental rights. She also asserts that respondent Clark County Department of Family Services did not make reasonable efforts to reunify her with her children after the dismissal of the first petition because it failed to refer her to therapeutic visitation with the children and instead only referred her to family therapy. Further she argues that she rebutted the NRS 128.109 presumptions in the first petition and by requesting visitation after that petition she has once again rebutted the presumptions.

We conclude that the district court was not collaterally estopped from considering appellant's case plan compliance or facts from before the dismissal of the first petition to terminate appellant's parental rights. *State, ex rel. A.C.M.*, 221 P.3d 185, 191 (Utah 2009) (recognizing that many jurisdictions apply a flexible res judicata approach to parental rights termination proceedings and providing that "in child welfare proceedings res judicata does not bar courts from considering both newly discovered facts, whether or not they were knowable at the time of the earlier proceeding, and facts determined in previous termination proceedings when considering a later termination petition"). "The progress, or lack of progress, of a parent or a child cannot be determined without a knowledge of the conditions that existed at the time the case commenced and the changes that occurred during the cause of action," and

thus, the court "must be free to examine all of the circumstances, evidence, prior facts, prior orders, and other relevant information in order to arrive at a correct conclusion." *In re A.S.*, 752 P.2d 705, 711 (Kan. Ct. App. 1988).

We conclude that substantial evidence supports the district court's parental fault findings that appellant failed to adjust the circumstances that led to the children's removal, poses a risk of serious physical or emotional injury to the children if they are returned to her care, and made only token efforts. *See* NRS 128.105(1)(b)(4)-(6). Failure of parental adjustment occurs when a parent is unable or unwilling within a reasonable time to substantially correct the circumstances which led to the removal of the child. NRS 128.0126. When a child has been out of the parent's care for 14 months of any 20 consecutive months, it is presumed that the parent has demonstrated only token efforts to care for the child. NRS 128.109(1)(a).

At the commencement of the termination trial, the children had been out of appellant's care for the past 49 months. Since dismissal of the first petition to terminate appellant's parental rights, appellant has refused to submit to drug testing on numerous occasions despite the fact that drug testing was a requirement of her case plan. She has refused to complete the requirements necessary to enable her to engage in family therapy, which based upon the evidence offered at the trial, is the equivalent to therapeutic visitation. Further, appellant refuses to acknowledge the youngest child's diagnosis of cerebral palsy, which requires continuous in-home occupational therapy. Thus, substantial evidence supports the district court's finding that appellant failed to adjust the circumstances that led to the children's removal, poses a risk of

serious physical or emotional injury to the children if they are returned to her care, and made only token efforts.[1]

We further conclude that substantial evidence supports the district court's finding that termination of appellant's parental rights is in the children's best interests. Appellant failed to rebut the presumption that because the children have resided outside of her care for 14 of 20 consecutive months, termination was in their best interests. NRS 128.109(2). At the time of the termination trial, the children had resided in their adoptive placement for over three years, they referred to their prospective adoptive mother as mom, they had not seen appellant in a year-and-a-half, the oldest child had expressed fear and disinterest in being returned to appellant's care, and the youngest child had very few memories of appellant and was confused as to how appellant fit into her life. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[1]Because only one ground of parental fault is required to support the termination of parental rights, see NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review the district court's other finding of parental fault.

cc: Hon. Robert Teuton, District Judge, Family Court Division
Law Office of Kristina Wildeveld
Lewis Roca Rothgerber Christie LLP/Las Vegas
Children's Attorney Project
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

SUPREME COURT
OF
NEVAOA

(O) 1947A